# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONLIN & CO., LLC,<br>    Plaintiff,<br><br>    v.<br><br>JOEL TAYLOR, and<br>J. TAYLOR SECURITY, INC., formerly<br>know as "TAYLOR SECURITY AND<br>LOCK COMPANY,"<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 19-2451 |

DuBois, J.                                 February 3, 2020

## M E M O R A N D U M

### I. INTRODUCTION

This case arises out of an alleged breach of contract. Plaintiff, Conlin & Co., LLC ("Conlin"), alleges that defendants, Joel Taylor and J. Taylor Security, Inc. ("Taylor Security"), contracted with plaintiff to assist in the sale of Taylor Security and agreed to compensate plaintiff if Taylor Security was successfully sold. Presently before the Court is defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Document No. 4, filed August 2, 2019). For the reasons set forth below, the Court denies the motion.

### II. BACKGROUND

The facts below are drawn from plaintiff's Complaint. The Court construes the Complaint in the light most favorable to the plaintiff, as it must in ruling on a motion to dismiss. The facts set forth in the Complaint may be summarized as follows:

Plaintiff Conlin is a consulting company that is incorporated and has its principal place of business in Pennsylvania. Compl. ¶¶ 1-2. Defendant Taylor Security is a hardware company that is incorporated and has its principal place of business in Maryland. Compl. ¶¶ 4, 7.

Defendant Joel Taylor, a citizen of Maryland, is the founder and president of Taylor Security. Compl. ¶¶ 3, 5.

In early 2016, defendants contracted with Conlin to assist in the sale of Taylor Security. Compl. ¶ 12. The contract required Conlin to provide financial advisory services, develop a list of potential buyers, and assist in the negotiation of any sale. *Id.* Defendants agreed to compensate plaintiff if Taylor Security was sold to a buyer introduced by Conlin. Compl. ¶ 13. Compensation was limited to reimbursement for expenses up to $5,000 and a four percent commission that would only be paid if the sale occurred during the course of the contract or within six months of the termination or expiration of the contract. Compl. ¶¶ 13, 15.

Pursuant to the contract, Conlin introduced defendants to Craftmaster Hardware, LLC and Carpey Diem Associates, LLC as potential buyers. Compl. ¶¶ 16, 40. However, in late August 2016, defendants decided to no longer pursue the sale of Taylor Security. Compl. ¶ 21. On August 28, 2016, defendant Joel Taylor sent an email to plaintiff stating that defendants would still pay Conlin a four percent commission if Taylor Security was eventually sold to any of the potential buyers introduced to defendants by Conlin. Compl. ¶¶ 22-23. As a result, Conlin continued to perform pursuant to the contract during September and October of 2016. Compl. ¶¶ 24-25.

On January 8, 2019, Craftmaster announced its acquisition of Taylor Security. Compl. ¶ 28. The next day Conlin contacted defendants and requested payment of its commission. Compl. ¶ 29. Defendants refused to pay. Compl. ¶ 31.

Plaintiff filed its Complaint on June 6, 2019, asserting claims for breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III), and promissory estoppel (Count IV). Compl. ¶¶ 32-59. On August 2, 2019, defendants filed a Motion to Dismiss for

Lack of Personal Jurisdiction and Improper Venue. Plaintiff responded on September 5, 2019. The Motion is thus ripe for review.

### III. LEGAL STANDARD

#### A. Personal Jurisdiction

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). Pennsylvania's long-arm statute provides for personal jurisdiction to the fullest extent allowed under the Constitution's due process clause. 42 Pa. Con. Stat. § 5322. Courts reviewing a motion to dismiss for lack of personal jurisdiction "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

There are two types of personal jurisdiction over a defendant: general and specific. General jurisdiction exists where the defendant has contacts with the forum state that "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted)). General jurisdiction does not require the underlying cause of action to be related to defendant's activities in the state. *Goodyear*, 564 U.S. at 919.

In contrast, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy" and is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citations omitted). To establish specific jurisdiction, plaintiff must satisfy three requirements. Plaintiff must show that (1) the defendant "purposefully directed [its] activities at the forum"; (2) the litigation arises out of or

3

relates to at least one of those activities; and (3) the court's exercise of jurisdiction would comport with traditional notions of "fair play and substantial justice." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (internal quotation marks omitted). The first two parts of this test "determine whether a defendant has the requisite minimum contacts with the forum." *Id.* The "threshold requirement" in evaluating those contacts is that "the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

### B. Venue

Venue in federal courts is generally governed by 28 U.S.C. § 1391. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1391 provides that venue is proper in any judicial district where either (1) "any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If no district meets those requirements, the action may be brought in any district where "any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

## IV. DISCUSSION

Defendants argue that the Court lacks personal jurisdiction over both defendants and that venue is improper in Pennsylvania. Defs.' Mot. Dismiss 1.[1] The Court rejects both arguments.

---

[1] Defendants also argue, in a two-sentence footnote, that all claims against defendant Joel Taylor must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the contract was only between Conlin and defendant Taylor Security. Defs.' Mot. Dismiss 1, n.1. However, "[c]ourts traditionally do not consider arguments presented entirely in the footnotes," as this one. *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 363 F. Supp. 3d 476, 497 (D. Del. 2019). Accordingly, the Court will not consider defendants' argument at this time. This decision is without prejudice to defendants' right to raise the argument at a later stage of the proceedings in a more developed fashion.

### A. The Court Has Specific Personal Jurisdiction Over Defendants

*1. Prong One—Defendants Purposefully Directed Their Activities at the Forum*

Under prong one of the specific jurisdiction analysis, the Court considers whether defendants purposefully directed their activities at the forum state. Defendants argue that they did not and contend that their only connection to the forum state is the "fortuitous event that Conlin's business operates in Pennsylvania." Defs.' Mot. Dismiss 5-6. Plaintiff responds that, by soliciting the services of and contracting with a Pennsylvania corporation, defendants purposefully directed their activities at the forum. Pl.'s Opp'n Mot. Dismiss 12. The Court agrees.

The Third Circuit has held that "[a] contract may provide a basis for the exercise of personal jurisdiction that meets due process standards, but a contract alone does not 'automatically establish sufficient minimum contacts in the other party's home forum.'" *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). Courts must also consider "prior negotiations and contemplated future consequences," including "[m]ail and telephone communications sent by the defendant into the forum" and the "rights and obligations" created by the agreement "among citizens of the forum." *Id.* at 482-83 (quoting *Burger King*, 471 U.S. at 479). Put simply, defendants who "reach out beyond one state and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 473 (internal quotation marks omitted); *see also Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 675 (E.D. Pa. 1997) ("Defendants have purposefully availed themselves of the opportunity to do business in Pennsylvania by voluntarily seeking out a Pennsylvania

5

corporation with whom to contract.").

In this case, defendants solicited the services of a Pennsylvania corporation and created rights and obligations in the state by contracting with that corporation. Decl. Patrick Conlin ¶¶ 6-7. Defendants initiated those contacts and sent repeated electronic communications into the forum state during the course of the contractual relationship with plaintiff. *Id.* at ¶¶ 12, 18-19. The Court concludes that defendants directed their activities at the forum and purposefully availed themselves of the benefits and privileges of conducting business in Pennsylvania.

### 2. *Prong Two—The Litigation Arises Out of Defendants' Activities in the Forum*

Under the second prong, the Court considers whether the litigation arises out of or relates to at least one of defendants' activities in the forum state. Defendants argue that, because all of their activities occurred in Maryland, this litigation could not arise out of their activities in Pennsylvania. Defs.' Mot. Dismiss at 6-7. The Court disagrees. As discussed *supra*, defendants directed their activities at the forum state by soliciting plaintiff's services, contracting with plaintiff, and sending electronic communications into the state. All of those activities are directly related to plaintiff's breach of contract claims. *See Grimes v. Vitalink Comms. Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994) (holding that the second prong of the test for specific jurisdiction "[r]equires only that a party be shown to have committed at least one act in the relevant forum which is substantially related to the claim being adjudicated").

### 3. *Prong Three—The Exercise of Jurisdiction Comports with Notions of Fair Play and Substantial Justice*

Under prong three, the Court considers whether the exercise of jurisdiction would

comport with traditional notions of fair play and substantial justice.[2] In "addressing the fairness question [courts] may consider 'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental social policies.'" *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2003) (quoting *Burger King*, 471 U.S. at 477). The Court concludes that these factors weigh in favor of the exercise of personal jurisdiction over defendants. The burden on defendants of litigating this matter in a neighboring state is minimal. Moreover, plaintiff has an interest in obtaining relief in a convenient forum of its choice and Pennsylvania has a strong "interest in protecting its residents and providing a forum for resolution of their disputes." *Elbeco Inc. v. Estrella de Plato Corp.*, 989 F.Supp. 669, 679 (E.D. Pa. 1997).

The Court concludes that it has specific personal jurisdiction over defendants. Accordingly, it does not consider the issue of general personal jurisdiction.

### B. Venue is Proper

Defendants contend that, because they do not reside in Pennsylvania and the sale of Taylor Security did not occur in Pennsylvania, Pennsylvania is not the proper venue for the case. Defs.' Mot. Dismiss 7. Plaintiff argues, pursuant to 28 U.S.C. § 1391(b)(2), that a substantial part of the events giving rise to the claim occurred in Pennsylvania since defendants contracted with plaintiff in Pennsylvania and plaintiff performed its duties under the contract in the state. Pl.'s Opp'n Mot. Dismiss 12. The Court agrees with plaintiff.

---

[2] Defendants offer no argument with regards to prong three of the analysis, but instead contend that the question "would be the subject of limited discovery" should the Court find that prongs one and two are satisfied. Defs.' Mot. Dismiss 5. The Court disagrees. The Third Circuit has held that, "while the plaintiff bears the burden of demonstrating facts that support personal jurisdiction," courts should "assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997)) (internal citations omitted). The Court concludes that no such assistance is required in this case as plaintiff has satisfied its burden of establishing jurisdiction.

"In assessing the substantiality of the events or omissions, this court must examine the nature of the dispute." *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F.Supp.2d 438, 444 (E.D. Pa. 1999) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994)). In contract disputes, courts "generally look to the place of performance of a contract in determining whether venue is proper." *Id.* Although the eventual sale of Taylor Security may have occurred in Maryland, plaintiff's claims center on the alleged breach of a contract that was largely performed by plaintiff in Wayne, Pennsylvania. Thus, the Court concludes that venue is proper in this district.

## V. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is denied. Defendants' Request for Hearing (Document No. 13, filed January 23, 2020) is denied as moot.

An appropriate order follows.